# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL EDWARD DORSEY** | **CIVIL ACTION NO. 15-1818-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Michael Edward Dorsey ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on June 4, 2015. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names Warden Jerry Goodwin as respondent.

On June 24, 2005, Petitioner was convicted of aggravated battery in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender. On September 2, 2005, he was sentenced to 45 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) he was subjected to double jeopardy

and (2) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on June 24, 2005, adjudicated a multiple offender on August 18, 2005, and sentenced on September 2, 2005. The Louisiana Second Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on September 20, 2006. State v. Dorsey, 939 So.2d 608, 41,418, (La. App. 2 Cir. 9/20/06). The Supreme Court of Louisiana denied writs of review on June 1, 2007. State v. Dorsey, 957 So.2d 174, 2006-2686 (La. 6/1/07). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after June 1, 2007 on August 30, 2007.

The federal petition currently before the court was filed in this court on June 4, 2015 and signed by Petitioner on June 3, 2015. Since the federal clock began ticking on August 30, 2007 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 30, 2008. This petition was not filed until June 2015, more than six years too late.

In addition, the post-conviction proceedings initiated by Petitioner in December 2013 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on May 22, 2015. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until December 2013, after the limitation period had already expired in August 2008. Thus, statutory tolling does not apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.

1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one year limitation period should be tolled because the State suppressed evidence. Specifically, he claims the State suppressed the fact that he was prosecuted for the same criminal episode in Shreveport City Court and was convicted and sentenced to ten days in jail. He claims his double jeopardy claim was not discovered for several years until he received the help of an inmate counsel. He claims that he did not timely pursue the city court minutes because he is unversed in the law.

The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations. The fact that Petitioner is proceeding pro se and was unaware of the facts and law in this matter because he was unskilled are not "rare and exceptional" circumstances. See United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir.), cert. denied, 121 S.Ct. 622 (2000). Furthermore, Petitioner does not claim that he was unaware that he was convicted and sentenced in city court. Thus, equitable tolling does not apply in this matter

and this case is time barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 6th day of December, 2016.

Mark L. Hornsby
U.S. Magistrate Judge